Peter R. Afrasiabi (Bar No. 193336)
Email: pafrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
Each Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile:  (949) 258-5081

Joanna Ardalan (Bar No. 285384)
Email: jardalan@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone:  (310) 437-8665
Facsimile:  (310) 943-2085

*Attorneys for Plaintiff,*
*Backgrid USA, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOFIA RICHIE, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-00021-FMO-SS<br>Hon. Fernando M. Olguin<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>(1) **COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br>(2) **FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. § 1202(A))**<br>(3) **REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. § 1202(B))**<br><br>**DEMAND FOR JURY TRIAL** |

**FIRST AMENDED COMPLAINT**

Plaintiff, Backgrid USA, Inc., complains against Defendant, Sofia Richie, an individual, and DOES 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and for acts of falsification and removal of copyright management information in violation of 17 U.S.C. § 1202. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants and their agents reside and may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Plaintiff Backgrid USA Inc. ("Backgrid") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

4. On information and belief, Defendant Sofia Richie ("Richie" or "Defendant") is a resident of Los Angeles, California.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

# FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame This Dispute*

6. Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. Among many other in-demand photographs, Backgrid owns coveted photographs of celebrity model, Sofia Richie (hereinafter the "Richie Photographs"). Richie received instant fame as a model, being the daughter of the classic American songwriter, Lionel Richie, and sister of television personality, Nicole Richie. All rights, title and interest in the Richie Photographs (the photographs at issue in this case), including but not limited to the copyrights thereon, are owned by Backgrid.

8. Backgrid filed for copyright registration of certain Richie Photographs within 90 days of their first publication with the United States Copyright Office, registration number VA0002068893 and application number 1-6953600451.

9. AKM-GSI Media, Inc., the predecessor in interest to certain Richie Photographs, filed for copyright registration of certain Richie Photographs within 90 days of their first publication with the United States Copyright Office, registration numbers VA0002050061, VA0002050199, VA0002050289, VA0002050292, and VA0002050293. AKM-GSI Media, Inc. transferred by written agreement all rights, title, and interest, including the copyright thereto of said photographs and registrations to Plaintiff Backgrid.

*Defendant and Her Willful Infringing Activity*

10. On information and belief Defendant Richie operates an Instagram account located at https://www.instagram.com/sofiarichie. On information and belief, Richie uses the Instagram account to promote her brand and celebrity by delivering content featuring herself to her fans. To date, Richie has at least 2.7 million fans who receive instant updates to her account when she posts photographs. Each posted photograph elicits thousands, and frequently, hundreds of thousands of comments from fans. Moreover, the account is not private, so anyone, including those who do not "follow" her account, has access and can view the uploaded photographs, including the photographs at issue in this lawsuit.

11. Richie violated federal law by willfully infringing Backgrid's copyrights to at least eight photographs on, at least, Richie's Instagram account. Attached hereto as Exhibit A and incorporated herein by reference are true and correct screenshots of Richie's Instagram account, including screen shots of the eight infringed photographs at issue in this lawsuit.

12. Moreover, Richie induced, caused, or materially contributed to the reproduction, distribution and public display of the Richie Photographs, and derivatives thereof, all while knowing or having reason to know of the infringement on her account was without permission, consent, or license. By uploading the Richie Photographs to the account, Richie encourages her fans to "share" the photographs, thus, causing others to also willfully infringe and multiplying the harm to Backgrid.

13. On information and belief, Richie operates and controls her Instagram account at all times relevant to this dispute and financially benefits from the infringement of the Richie Photographs displayed thereto. On information and belief, Richie has driven significant traffic to her Instagram account in large part due to the presence of the sought after and searched-for Richie Photographs that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and brand awareness as a direct consequence of their infringing actions.

**FIRST AMENDED COMPLAINT**

*Richie's Infringed Even After Express Notice That Her Actions Were Unlawful*

14. On or around October 19, 2017, Backgrid sent a demand letter to Richie's attorney regarding this dispute. Richie's attorney did not respond. As such, Backgrid reached out to Richie's attorney telephonically. Richie's attorney represented that he was not sure whether the Richie Photographs were posted on Richie's Instagram or not.

15. On information and belief, Defendant Richie's infringement of at least three of Plaintiff's photographs, and derivatives thereof, continued unabated until, at least, the filing of this lawsuit. Even after Plaintiff sent a demand letter to her counsel, the following links contain infringements of Backgrid's Photographs at issue in this complaint:

https://www.instagram.com/p/BOAj-pehsO_/;

https://www.instagram.com/p/BWRYRKnnPNV/;

https://www.instagram.com/p/BWWOtFjHPT6/.

16. Months into the current pending litigation, on September 12, 2018, Defendant Richie posted yet another timely registered photograph belonging to Backgrid. Defendant Richie posted the infringement without consent or license, showing a complete disregard for Backgrid's copyrights. A true and correct screenshot of this infringement is attached as Exhibit A, page 16.

## FIRST CLAIM FOR RELIEF
## (Copyright Infringement, 17 U.S.C. § 501)

17. Backgrid incorporates hereby reference the allegations in paragraphs 1 through 16 above.

18. Backgrid is the owner of all rights, title, and interest in the copyrights of the Richie Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

19. Backgrid, or the predecessor in interest, AKM-GSI, filed for copyright registration of the Richie Photographs within 90 days of their first publication with the United States Copyright Office.

20. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the Richie Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

21. All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

22. Backgrid has identified at least eight instances of infringement by way of unlawful reproduction and display of Backgrid's photographs (as well as the unlawful facilitation of other's reproduction of its photographs).

23. As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

24. Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Richie's encouragement of the infringement and financial benefit it receives Backgrid's copyrights.

25. The wrongful acts of Defendants have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

26. The above-documented infringements alone would entitle Backgrid to a potential award of up to $ 1,200,000 in statutory damages for the at-least eight infringed photographs, in addition to its attorney's fees.

## SECOND CLAIM FOR RELIEF

### (Falsification of Copyright Management Information, 17 U.S.C. § 1202(a) *et seq.*)

27. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 26 above.

28. The copyright owner of the work constitutes "copyright management information" as defined under 17 U.S.C. § 1202(c)(2) & (3).

29. The Richie Photographs are published with the ownership credit. Defendants falsified CMI, including the the authorship information and the ownership information by making it appear as though Defendants are the true owners of the Richie Photographs.

30. As such, Backgrid is informed and believes and on that basis alleges that Defendants, without the knowledge or authority of Backgrid or the law, and with the intent to induce, enable, facilitate and/or conceal infringement of Backgrid's copyright or, having reasonable grounds to know that it would induce, enable, facilitate and/or conceal infringement of Backgrid's copyright, intentionally falsified and/or caused or induced others to falsify copyright management information from Backgrid's Richie Photographs, and/or distributed or imported Backgrid's Richie Photographs and/or caused or induced others to distribute or import Backgrid's Richie Photographs with knowledge of the falsification of Backgrid's copyright management information, and/or distributed or imported for distribution Richie Photographs with knowledge of the falsification of copyright management information in violation of 17 U.S.C. § 1202(a)(1)-(3).

31. Defendants' falsification of copyright management information for the Richie Photographs and subsequent distribution and public display of the Richie Photographs was willful and intentional, and was and is executed with full knowledge of Backgrid's rights under copyright law, and in disregard of Backgrid's rights.

32. Backgrid is entitled to recover its actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into

account in computing actual damages, or, at Backgrid's election, statutory damages, pursuant to 17 U.S.C. § 1203(c), of up to $25,000 per act of falsification.

33. Backgrid is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

34. Defendants' violation of 17 U.S.C. § 1202(a) has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Backgrid not fully compensable in monetary damages. Pursuant to 17 U.S.C. § 1203(b), Backgrid is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## THIRD CLAIM FOR RELIEF

(**Removal of Copyright Management Information, 17 U.S.C. § 1202(b) *et seq.***)

35. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 33 above.

36. The name of, and other identifying information about, the author of a work and the copyright owner of the work constitutes "copyright management information" as defined under 17 U.S.C. § 1202(c)(2) & (3).

37. In conjunction with their distribution and public display, Defendants have knowingly removed CMI, including the authorship and ownership information. By taking off CMI, Defendants knowingly mislead people as to the author and owner of the Richie Photographs, and attempt to cover up her own infringement.

38. As such, Backgrid is informed and believes and on that basis alleges that Defendants, without the knowledge or authority of Backgrid or the law, and with the intent to induce, enable, facilitate and/or conceal infringement of Backgrid's copyright or, having reasonable grounds to know that it would induce, enable, facilitate and/or conceal infringement of Backgrid's copyright, intentionally removed and/or caused or induced others to remove copyright management information from the Richie Photographs, and/or distributed or imported the Richie Photographs and/or caused or induced others to

distribute or import the Richie Photographs with knowledge of the removal of Backgrid's copyright management information, and/or distributed or imported for distribution the Richie Photographs with knowledge of the removal of copyright management information in violation of 17 U.S.C. § 1202(b)(1)-(3).

39. Defendants' removal and/or alteration of copyright management information for the Richie Photographs and subsequent distribution and public display of the Richie Photographs was willful and intentional, and was and is executed with full knowledge of Backgrid's rights under copyright law, and in disregard of Backgrid's rights.

40. Backgrid is entitled to recover its actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into account in computing actual damages, or, at Backgrid's election, statutory damages, pursuant to 17 U.S.C. § 1203(c), of up to $25,000 per act of removal.

41. Backgrid is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

42. Defendants' violation of 17 U.S.C. § 1202(b) has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Backgrid not fully compensable in monetary damages. Pursuant to 17 U.S.C. § 1203(b), Backgrid is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photos of Backgrid;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion,

distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b) and 17 U.S.C. § 1203(c)(1)(A) & (c)(2);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b) and 17 U.S.C. § 1203(c)(1)(A) & (c)(2);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c), and for falsification and removal of copyright management information, in accordance with 17 U.S.C. § 1203(c)(1)(A) & (c)(2);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505 and 1203(b)(5);

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505, and 17 U.S.C. § 1203(b)(4); and

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: October 16, 2018                     **ONE LLP**

                                            By: /s/ Joanna Ardalan
                                            Joanna Ardalan
                                            Attorneys for Plaintiff,
                                            Backgrid USA, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff Backgrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated: October 16, 2018

**ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan
Attorneys for Plaintiff,
Backgrid USA, Inc.

**FIRST AMENDED COMPLAINT**